USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

In re:  Pilot Project Regarding Case Management  :          STANDING ORDER

Techniques for Complex Civil Cases in the        :          M10-468

Southern District of New York                    :

                                                 :          **11 MISC 00 388**

--------------------------------------------------------------X

1.      This case is hereby designated for inclusion in the Pilot Project Regarding Case

Management Techniques for Complex Civil Cases in the Southern District of New York (the

"Pilot Project"), unless the judge to whom this case is assigned determines otherwise.

2.      This case is designated for inclusion in the Pilot Project because it is a class

action, an MDL action, or is in one of the following Nature of Suit categories: 160, 245, 315,

355, 365, 385, 410, 830, 840, 850, 893, or 950.

3.      The presiding judge in a case that does not otherwise qualify for inclusion in the

Pilot Project may nevertheless designate the case for inclusion in the Pilot Project by issuing an

order directing that the case be included in the Pilot Project.

4.      The description of the Pilot Project, including procedures to be followed, is

attached to this Order.

                                   SO ORDERED:

                                   _Loretta A. Preska_
                                   Loretta A. Preska
                                   Chief United States District Judge

Dated:  October  *31*  , 2011

        New York, New York

# REPORT OF THE
## JUDICIAL IMPROVEMENTS COMMITTEE

## PILOT PROJECT REGARDING CASE MANAGEMENT
## TECHNIQUES FOR COMPLEX CIVIL CASES

**October 2011**

## **TABLE OF CONTENTS**

**Page**

Preface...................................................................................................... ii

JIC Advisory Committee Roster .................................................................. iii

Subcommittee Rosters ................................................................................. iv

Initial Pretrial Conference Procedures .........................................................1

Discovery Procedures ..................................................................................4

Motion Procedures .......................................................................................8

Final Pretrial Conference Procedures ........................................................10

Exhibits:

    A.  Initial Pretrial Conference Checklist

                                                              15

    B.  Joint Electronic Discovery Submission

                                                              18

    C.  Order of Reference to a Magistrate Judge

                                                              30

## PREFACE

Beginning in early 2011, the Judicial Improvements Committee of the Southern District of New York ("JIC"),[1] chaired by Judge Shira A. Scheindlin, began to consider a pilot project to improve the quality of judicial case management.  The impetus for this project was the "Duke Conference" sponsored by the Judicial Conference Advisory Committee on Civil Rules.  Judge John G. Koeltl, a member of the Advisory Committee, was Chair of the Planning Committee for the Duke Conference.  The JIC decided to focus on complex cases and to develop procedures that would be implemented by the judges of the Court for an eighteen-month trial period.  To assist in this effort the Chair of the JIC appointed an Advisory Committee of experienced attorneys, representing a broad diversity of the bar to develop proposals.  The Advisory Committee, joined by members of the JIC, formed four subcommittees to consider and recommend best practices for the management of complex civil cases.  Each of the four subcommittees submitted a report to the JIC which was adopted in substance by the JIC.  The JIC then presented its proposal to the Board of Judges.  On September 28, the Board of Judges approved the proposal, albeit with some suggestions for implementing the final version of the pilot project.  The following report is the pilot project that the Court has adopted.  It will take effect on November 1, 2011.  The Court is deeply grateful to all of the JIC Members and Advisory Committee members who worked so hard to bring this project to fruition.

---

[1]     The members of the Judicial Improvements Committee include: Judge Denise Cote, Judge Thomas Griesa, Judge Kenneth Karas, Judge John Koeltl, Judge Victor Marrero, Judge Shira Scheindlin, Judge Sidney Stein, Judge Robert Sweet, Judge James Cott, Judge Theodore Katz, Judge Henry Pitman and Judge Lisa Smith.

### JIC Advisory Committee Roster

Samuel F. Abernethy
*Menaker & Herrmann LLP*

James Batson
*Liddle & Robinson, LLP*

Steven Bennett
*Jones Day*

James Bernard
*Stroock & Stroock & Lavan LLP*

John Boston
*Legal Aid Society*

Vince (Vernon) Broderick
*Weil, Gotshal & Manges LLP*

Susanna Buergel
*Paul, Weiss, Rifkind, Wharton & Garrison LLP*

Dale Cendali
*Kirkland & Ellis LLP*

Melanie Cyganowski
*Otterbourg, Steindler, Houston & Rosen, P.C.*

Maura Grossman
*Wachtell, Lipton, Rosen & Katz*

Gregory Joseph
*Gregory P. Joseph Law Offices LLC*

Gregg Kanter
*Sprague & Sprague*

Marilyn Kunstler
*Boies, Schiller & Flexner LLP*

Mei Lin Kwan-Gett
*Willkie Farr & Gallagher LLP*


Sara Moss
*Estee Lauder*


Tai Park
*Park & Jensen LLP*


Jon Pines
*Deputy Chief, General Litigation Division of NY City Law Department*


Debra Raskin
*Vladeck, Waldman, Elias & Engelhard, P.C.*


Theodore O. Rogers, Jr.
*Sullivan & Cromwell LLP*


Scott Rosenberg
*Legal Aid Society, General Counsel*


Susan Saltzstein
*Skadden Arps Slate Meagher & Flom*


Paul Saunders
*Cravath, Swaine & Moore LLP*


Andrew Schilling
*Chief of the Civil Division, US Attorneys Office, SDNY*


Lorna Schofield
*Debevoise & Plimpton LLP*


Amy Schulman
*Pfizer Corporation*


Penny Shane
*Sullivan & Cromwell LLP*

Kent Stauffer
*Executive Deputy Attorney General*

Guy Miller Struve
*Davis Polk & Wardwell LLP*

Steve Susman
*Susman Godfrey LLP*

Ariana Tadler
*Milberg, LLP*

Mary Kay Vyskocil
*Simpson, Thacher & Bartlett LLP*

Peter Wang
*Foley & Lardner LLP*

<u>**SUBCOMMITTEE ROSTERS**</u>

<u>**Initial Pretrial Case Management Subcommittee**</u>

Co-Chairs:

Amy Schulman, Paul Saunders

Committee Members:

Judge John Koeltl, Judge Sidney Stein, Judge Henry Pitman, John Boston, Marilyn Kunstler, Sara Moss, Andrew Schilling, Penny Shane, Kent Stauffer, Sam Abernethy

Also participating:

Judge Shira Scheindlin

<u>**Discovery Subcommittee**</u>

Co-Chairs:

Greg Joseph, Debra Raskin

Committee Members:

Judge Thomas Griesa, Judge James Cott, Judge Lisa Smith, Jim Batson, Steven Bennett, Mei Lin Kwan-Gett, Maura Grossman, Jon Pines, Theodore Rogers, Scott Rosenberg, Kent Stauffer, Ariana Tadler

Also participating:

Judge Shira Scheindlin

**Motions Subcommittee**

Co Chairs:

Susan Saltzstein, James Bernard

Committee Members:

Judge Victor Marrero, Judge Robert Sweet, Gregg Kanter, Tai Park, Guy Struve, Dale Cendali, Susanna Buergel, Melanie Cyganowski, Lorna Schofield

Also participating:

Judge Shira Scheindlin


**Final Pretrial Conference Subcommittee**

Co-Chairs:

Steve Susman, Mary Kay Vyskocil

Committee Members:

Judge Denise Cote, Judge Kenneth Karas, Judge Theodore Katz, Vernon Broderick, Peter Wang, Guy Struve, Andrew Schilling, Paul Saunders

Also participating:

Judge Shira Scheindlin

## I. <u>Initial Pretrial Case Management Procedures</u>

A.          **Initial Report of Parties before Pretrial Conference.**  No later than 7 days before the initial pretrial conference, the parties shall file an Initial Report that includes the following:

1.          The parties' positions on the applicable topics of the "Initial Pretrial Conference Checklist" (*see* Exhibit A, annexed hereto) including whether initial disclosures pursuant to Rule 26(a)(1) should be made in whole or in part and whether there is some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures.

2.          The parties' proposed schedule for fact and expert discovery including:

a.          Any recommendations for limiting the production of documents, including electronically stored information.

b.          .Any recommendations for limiting depositions, whether by numbers or days of depositions,[2] and by the elimination of expert depositions.

c.          A protocol and schedule for electronic discovery, including a brief description of any disputes regarding the scope of electronic discovery.

d.          Whether the parties recommend that expert discovery precede or follow any summary judgment practice.

e.          Whether the parties agree to allow depositions preceding trial of trial witnesses not already deposed.

3.          Whether the parties propose to engage in settlement discussions or mediation and, if so, when would be the best time to do so.  The parties should also identify what discovery should precede such discussions.

B.          **Pretrial Conference Procedures.**  The Court shall make its best effort to hold an in-person, initial pretrial conference within 45 days of service on any defendant of the complaint.  If the Government is a defendant, the Court shall make its best effort to schedule the initial conference within 60 days of service. If a motion to dismiss is pending, the Court may consider postponing the initial pretrial conference until the motion is decided.

---

[2]          Note:  In some complex cases the parties have limited depositions by agreeing on a maximum number of days a party may depose witnesses.  The party may use those days to take two half-day or one full-day deposition per witness.

1.      Lead counsel for each party must attend.

2.      The Court should address the contents of the Initial Report and the applicable topics contained in the "Initial Pretrial Conference Checklist" (*see* attached Exhibit A) with the parties.

3.      The parties shall provide the Court with a concise overview of the essential issues in the case and the importance of discovery in resolving those issues so that the Court can make a proportionality assessment and limit the scope of discovery as it deems appropriate.  The Court may also wish to consider the possibility of phased or staged discovery.

4.      The Court should consider setting a deadline for any amendments to the pleadings and joinder of additional parties.

5.      The Court should set a schedule for the completion of fact discovery, the filing of the Joint Preliminary Trial Report, the Case Management Conference (*see* Final Pretrial Conference Procedures), and the exchange of expert reports.  If appropriate, the Court should also consider setting dates for the filing of dispositive motions and the filing of the Joint Final Trial Report.

6.      If appropriate, the Court should set a trial-ready date or a trial date contingent on the resolution of dispositive motions.

7.      If appropriate, the Court should schedule any motion for class certification and associated discovery.

8.      The Court should consider setting a maximum limit for any adjournment requests, both as to length and number, whether or not the parties jointly request an adjournment.

9.      If the parties agree, the Court should confirm that prior to trial the parties will be permitted to depose any trial witnesses who were not deposed prior to the filing of the Joint Final Pretrial Report.  If the parties cannot agree on this procedure, the Court should consider whether to issue such an order.

10.     The District Judge shall advise the parties if it will be referring the case to a Magistrate Judge and, if so, for what purposes.  If the District Judge makes such a referral for the purpose of pretrial supervision (as opposed to settlement or the disposition of dispositive motions), the District Judge and the Magistrate Judge are encouraged to communicate and coordinate regarding the pretrial progress of the case.

11.     The Court shall determine whether and when additional pretrial conferences should be held to address the issues raised in items 4 through 8 above.

## II.  Discovery Procedures

**A.  Stay of Certain Discovery upon Service of Dispositive Motion.**  Unless the Court orders otherwise, following service of a motion to dismiss pursuant to Rule 12(b)(6) or 12(c) (if made immediately after the filing of an answer) of the Federal Rules of Civil Procedure, discovery of documents, electronically stored information and tangible things may proceed pursuant to Rule 34 but all other discovery with respect to any claim that is the subject of the motion is stayed pending the Court's decision on the motion.

**B.  Discovery Disputes Not Involving Assertion of Privilege or Work Product.**  Unless the Court determines otherwise, any discovery dispute — other than a dispute arising in the course of a deposition or involving invocation of a privilege or work product protection — will be submitted to the Court by letter as follows:

1.  The movant will submit to the Court, in a manner permitted by the Judge's Individual Practices, and to opposing counsel by hand delivery, fax or email, a letter of not more than 3 single-spaced pages setting forth its position and certifying that the movant has in good faith conferred or attempted to confer with the party or person failing to make discovery in an effort to obtain it without court action.  All disputes that the movant intends to raise at that time must be submitted in a *single* letter.

2.  The responding party or person may submit a responsive letter of no more than 3 single-spaced pages within 3 business days with a copy to opposing counsel.

3.  If the Court permits a reply, it should not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

4.  The Court will make its best effort to render a decision no later than fourteen days from its receipt of the final letter.  The Court may resolve the dispute prior to its receipt of the responsive letter if it has otherwise provided the person or party an opportunity to be heard.

**C.** ***In Camera* Sampling of Assertions of Privilege.**  A party or person who raises a question as to the assertion of a privilege or work product protection with respect to documents (including electronically stored information) may request a ruling from the Court as follows:

1. The requesting party or person will submit to the Court, in a manner permitted by the Judge's Individual Practices, and to opposing counsel by hand delivery, fax or email, a letter of not more than 3 single-spaced pages (a) setting forth its position, (b) certifying that it has in good faith conferred with the opposing party or person in an effort to resolve the issues without court action, and (c) indicating whether there is consent to *in camera* inspection.

2. If the requestor is the party or person invoking privilege or work product protection, it may attach to its letter to the Court no more than 5 representative documents that are the subject of its request. The documents are to be attached only to the copy of the letter directed to the Court, for *in camera* review, and not to the copy of the letter directed to the opposing party or person.

3. Any opposing party or person may submit a responsive letter of no more than 3 single-spaced pages within 3 business days with a copy to opposing counsel.

4. If the Court permits a reply, it should not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

5. Unless the Court requires a more extensive submission, within fourteen days from its receipt of the responsive letter or, if later, its receipt of the documents, the Court will make its best effort to determine whether the submitted documents must be produced.  The Court may issue its decision prior to its receipt of the responsive letter if it has otherwise provided any opposing party or person an opportunity to be heard.

**D. Documents Presumptively Not to Be Logged on Privilege Log.**  The following documents presumptively need not be included on a privilege log:

1. Communications exclusively between a party and its trial counsel.

2. .Work product created by trial counsel, or by an agent of trial counsel other than a party, after commencement of the action.[3]

3. Internal communications within (a) a law firm, (b) a legal assistance organization, (c) a governmental law office or (d) a legal department of a corporation or of another organization.

4. .In a patent infringement action, documents authored by trial counsel for an alleged infringer even if the infringer is relying on the opinion of other counsel to defend a claim of willful infringement.[4]

**E. Privilege Log Descriptions of Email Threads**.  For purposes of creation of a privilege log, a party need include only one entry on the log to identify withheld emails that constitute an uninterrupted dialogue between or among individuals; provided, however, that disclosure must be made that the e-mails are part of an uninterrupted dialogue.  Moreover, the beginning and ending dates and times (as noted on the emails) of the dialogue and the number of emails within the dialogue must be disclosed, in addition to other requisite privilege log disclosure, including the names of all of the recipients of the communications.

---

[3]

    *See* D. Conn. Local Rule 26(e) ("This rule requires preparation of a privilege log with respect to all documents *** except the following:  *** the work product material created after commencement of the action").  D. Colo. Local Rule 26.1(g)(3)(c), S.D. Fla. Local Rules Gen Rule 26.1(g)(3)(C), E.D. Okla. Local Rule 26.2(b), and N.D. Okla. Local Rule 26.2(b) are substantively identical D. Conn. Local Rule 26(e).  Note that this proposal is more limited than these local rules because it does not exempt from logging documents created by the client at counsel's suggestion, to avoid abuse.

[4]

    *See In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc) (reliance on opinion of counsel does not waive the privilege or work product protection of trial counsel on the same subject matter); N.D. Cal. Local Patent Rule 3-7(c) ("Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.").  D.N.J. Local Patent Rule 3.8(c), E.D. Mo. Local Patent Rule 3-9(c), W.D. Wash. Local Patent Rule 140, S.D. Tex. Patent Rule 3-8, E.D. Tex. L. Patent Rule 3-7(b), D. Idaho L. Patent Rule 3.8, S.D. Cal. Local Patent Rule 3.8(b) and other local patent rules are substantively identical to N.D. Cal. Local Patent Rule 3-7(c).

**F.   Requests for Admission.**  Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than 50 requests for admission pursuant to Federal Rule of Civil Procedure 36(a)(1)(A); no such request for admission may exceed 25 words in length; except that no limit is imposed on requests for admission made pursuant to Rule 36(a)(1)(B) relating to the genuineness of any described documents.

**G.   Subpoenaed Material.**  Unless the Court orders otherwise, whenever documents, electronically stored information, or tangible things are obtained in response to a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, the party responsible for issuing and serving the subpoena shall promptly produce them to, or make them available for inspection and copying by, all parties to the action.

**H.   Joint Electronic Discovery Submission.**  A joint electronic discovery submission and proposed Order is annexed as Exhibit B.  Among other things, it includes a checklist of electronic discovery issues to be addressed at the Rule 26(f) conference.

**I.   Revised Order of Reference to Magistrate Judge.**  A revised form of Order of Reference to Magistrate Judge is annexed as Exhibit C.  Among other things, it provides that in the case of urgent discovery disputes — *e.g.*, in mid-deposition — litigants may approach the assigned Magistrate Judge when the District Judge is unavailable.

## <u>Motion Procedures</u>

**A.      Pre-Motion Conferences.**

    1.   Pre-motion conferences should be held for all motions **except** motions for reconsideration, motions for a new trial, and motions *in limine*.   For discovery disputes, see the procedures set forth at Part II. B, *supra.*

    2.   A party intending to file a motion governed by the preceding paragraph (other than Rule 12(b) motions) must request by letter no longer than 3 single-spaced pages, a pre-motion conference in advance of filing any such motion.  The moving party's letter shall be submitted at least 7 business days prior to a proposed or scheduled conference date, or at any time if no such date has been proposed or scheduled.  Within 3 business days of receipt of the letter, each opposing party may submit a written response of no more than 3 single-spaced pages in length.  No further letters will be accepted by the Court.  The Court will, as soon as possible thereafter, hold the pre-motion conference.

    3.   The filing of a pre-motion letter shall automatically stay the time by which the motion must be made.  In the event the law imposes a filing deadline, the requirement of a pre-motion letter and conference will not apply, unless the Court extends the deadline for filing a motion.

    4.   Motions pursuant to Rule 12(b) are subject to a different procedure. The Court may consider one of the following options: (a) Not requiring a pre-motion conference; (b) requiring the parties to exchange letters (with or without a copy to the court) **prior to** filing a motion to dismiss, addressing any deficiencies in the complaint, in the hope that such deficiencies might be cured by the filing of an amended complaint; or (c) holding a conference **after** the motion is made at which the plaintiff will be given an opportunity to either amend the complaint or oppose the motion.  If plaintiff does not choose to amend, the plaintiff shall be given no further opportunity to amend the complaint to address the issues raised by the pending motion.  In the event there is no amendment, the Court will determine whether any discovery shall proceed during the pendency of the motion.  The time for opposing the Rule 12(b) motion will be stayed until the conference, at which time the Court will schedule the further briefing of the motion.

**B.     Page Length for Motions.**  No memorandum of law in support of or in opposition to a motion may exceed 25 pages (double-spaced).  Any memorandum in excess of 10 double-spaced pages shall also include a table of contents and table of authorities.  Reply memoranda may not exceed 10 pages.

Any party may request additional pages by seeking leave of the Court after having sought the consent of the adverse party or parties.

C.   **Oral Argument.**  Oral arguments should be held where practicable and in the Court's view useful, on all substantive motions, unless the parties agree otherwise.  Five calendar days in advance of oral argument, the Court should consider notifying the parties of those issues of particular concern.

D.   **56.1 Statements (Statement of Material Fact).**  At the request of the parties, and if approved by the Court, no Local Rule 56.1 Statement shall be filed in connection with motions made pursuant to Rule 56 of the Federal Rules of Civil Procedure.  If the Court requires that the parties file Rule 56.1 statements, such statements shall not exceed 20 pages per party.

### IV.  Final Pretrial Conference Procedures

A.    **Joint Preliminary Trial Report on Close of Fact Discovery.**  Within 14 days
after the completion of fact discovery, the parties shall file a Joint Preliminary
Trial Report, unless the Court concludes that such a report is not necessary in a
particular case, which shall include the following:

      1.    The full caption of the action.

      2.    The name, address, telephone number, fax number and email
address of each principal member of the trial team, and an
identification of each party's lead trial counsel.

      3.    A brief statement identifying the basis for subject matter
jurisdiction, and, if that jurisdiction is disputed, the reasons
therefore.

      4.    A list of each claim and defense that will be tried and a list of
any claims and defenses asserted in the pleadings that are not to
be tried.

      5.    An identification of the governing law for each claim and
defense that will be tried and a brief description of any dispute
regarding choice of law.

      6.    The number of days currently estimated for trial and whether the
case is to be tried with or without a jury.

      7.    A statement indicating whether all parties have consented to trial
by a magistrate judge, without identifying which parties do or do
not consent.

      8.    A brief description of any summary judgment motion a party
intends to file, including a statement identifying whether expert
testimony will be offered in support of the motion.

B.    **Case Management Conference Procedure.**  Within 14 days of the filing of the
Joint Preliminary Trial Report, the Court should make its best effort to hold a
Case Management Conference to discuss the contents of the Joint Preliminary
Trial Report and to finalize the schedule for the remainder of the litigation.

      1.    Lead trial counsel for each party must attend.

      2.    The parties should be prepared to discuss the substance of any
summary judgment motion any party intends to file.  During the

-10-

conference, the Court will determine whether any existing schedule should be modified, including whether the period for summary judgment motions will precede or follow expert disclosures and discovery.

3.  If it has not already done so, the Court should set a schedule for expert disclosures and discovery, the briefing of any summary judgment motions, the briefing of any *Daubert* motions, the date for the filing of the Joint Final Trial Report and a firm trial date.

    a.  In the event summary judgment motions will be filed, the Court should consider providing the parties with its best estimate of the date by which it expects to render a decision on the motions and should advise the parties whether there will be a further opportunity for settlement discussions or mediation following the decision.  The date that the Court selects during the Case Management Conference for the filing of the Joint Final Trial Report shall be no earlier than 28 days following the Court's decision on the summary judgment motions.  Similarly, the firm trial date set by the Court at the Case Management Conference shall be no earlier than 8 weeks following the Court's decision on summary judgment motions.

4.  The Court shall encourage (and, in appropriate cases, may order) the parties to participate in settlement discussions or mediation before a forum and by a date chosen by the Court based on its consultations with the parties during the conference.  Such settlement discussions or mediation efforts shall not stay the schedule for the completion of the litigation.

C.  **Joint Final Trial Report.**  On the date set at the Case Management Conference, but in any event not later than 28 days preceding the date set for the commencement of the trial, the parties shall file a Joint Final Trial Report, unless the Court concludes that such a report is not necessary in a particular case, which shall include the following:

1.  In the event that there has been a ruling on summary judgment motions, a list of any claims and defenses from the Joint Preliminary Trial Report that the parties had intended to try but that they will no longer try.

2.  A list by each party of its trial witnesses that it, in good faith, presently expects to present.  The list shall indicate whether the

-11-

witness will testify in person or by deposition, and the general subject matter areas of the witness's testimony. In the event that any such witness has not been deposed, and provided the Court has previously approved (*see* Initial Pretrial Case Management Procedures at 2 ¶ 9), the witness will be made available for deposition before the commencement of trial. The parties will also provide an agreement as to how and when they will give notice to each other of the order of their trial witnesses.

3.      A list by each party of exhibits that it, in good faith, presently expects to offer in its case in chief, together with any specific objections thereto other than on grounds of relevancy. Any objection not included on this list will be deemed waived, other than for good cause shown. Prior to filing the Joint Final Trial Report the parties will meet and confer in order to eliminate or narrow disputes about the admissibility of exhibits, to agree upon exhibits that can be utilized during opening statements at the trial, and to facilitate the filing of any *in* limine motions.

4.      In the case of bench trials, the parties' recommendation on whether the direct testimony of fact and expert witnesses who testify in person at trial will be submitted by affidavit to the Court in advance of trial.

5.      The parties' recommendation on the time limits for the length of the trial, and, if appropriate, the division of time between or among the parties and the protocol for tracking the time.

6.      All stipulations or statements of fact or law on which the parties have agreed and which will be offered at trial shall be appended to the Joint Final Trial Report as exhibits.

7.      An agreed schedule by which the parties will exchange deposition designations and counter-designations, notify each other of objections to such designations, consult with each other regarding those objections, and notify the Court of any remaining disputes. In any event, the parties must notify the Court of any remaining dispute no later than 48 hours before the deposition testimony is offered at trial.

8.      An agreed schedule by which the parties will exchange all demonstratives not otherwise listed in Paragraph C.3 that the parties intend to use at trial during opening statements or otherwise, notify each other of any objections thereto, consult

with each other regarding those objections and notify the Court of any remaining disputes.

9.   The parties' recommendation on the number of jurors and any agreement on whether a verdict can be rendered by fewer than all jurors.

10.   A brief report on whether the outcome of any settlement discussions or mediation ordered at the Case Management Conference impacts any of the claims or issues remaining to be tried.

11.   All other matters that the Court may have ordered at the Case Management Conference or that the parties believe are important to the efficient conduct of the trial, such as bifurcation or sequencing of issues to be tried, or use of interim summations, etc.

**D.     Filings to Accompany Joint Final Trial Report.**  The Joint Final Trial Report shall be accompanied by the following documents:

1.   In all bench trials, unless directed otherwise at the Case Management Conference, each party shall submit a trial memorandum.

2.   Any motions *in limine.* An *in limine* motion does not include a motion for summary judgment or a *Daubert* motion, which must be filed pursuant to the schedule fixed under Paragraph B.3. Opposition to *in limine* motions must be filed within 7 days; no reply will be allowed absent leave of court.

3.   Any proposed juror questionnaire.

4.   Any requested questions to be asked by the Court during the voir dire.

5.   A joint description of the case to be provided to the venire during the voir dire.

6.   Any proposed substantive instructions on the issues to be tried to be given by the Court to the jury prior to opening statements.

**E.     Final Pretrial Conference Procedures.**  Subsequent to the filing of the Joint Final Trial Report, and in no event less than 7 days before the commencement of trial, the Court shall hold a Final Pretrial Conference which must be attended

by lead trial counsel for each party.  At that Conference the Court shall take the following actions:

1.      Determine the length of the trial and the division of time between or among the parties.

2.      Determine the method by which the jury will be selected, including whether a juror questionnaire will be used and its contents.

3.      Rule on any disputes among the parties identified in the Joint Final Trial Report.

4.      Rule, if possible, on any motions *in limine* that remain outstanding.

5.      Advise the parties of any substantive instructions it will give to the jury prior to opening statements.

6.      Notify counsel of a schedule for submission of proposed final jury instructions.

**<u>EXHIBIT A</u>**

**<u>INITIAL PRETRIAL CONFERENCE CHECKLIST</u>**

Proportionality assessment of "the needs of the case, amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues" (<u>see</u> Rule 26(b)(2)(C) (iii))

1.  Possible limitations on document preservation (including electronically stored information)

2.  Appropriateness of initial disclosures pursuant to Rule 26(a)(1)

    a.  Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?

3.  Possibility of a stay or limitation of discovery pending a dispositive motion

4.  Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters

5.  Preliminary issues that are likely to arise that will require court intervention

6.  Discovery issues that are envisioned and how discovery disputes will be resolved

7.  Proposed discovery including:

    a.  limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions)

    b.  limitations on scope of discovery

    c.  limitations on timing and sequence of discovery

    d.  limitations on restoration of electronically-stored information

    e.  agreement to allow depositions of trial witnesses named if not already deposed

    f.  preservation depositions

g.      foreign discovery and issues anticipated

8.      Schedule (as appropriate and possibly excluding public agency cases) including:

a.      date(s) for completion of discovery

b.      date(s) for dispositive motions

c.      date(s) for exchange for expert reports

d.      date(s) for exchange of witness lists

e.      date (s) for Joint Preliminary Trial Reports and Final Joint Trial Reports

f.      date for Case Management Conference

9.      Issues to be tried

a.      ways in which issues can be narrowed to make trial more meaningful and efficient

b.      whether there are certain issues as to which a mini-trial would be helpful

10.      Bifurcation

11.      Class certification issues

12.      ADR/mediation

13.      Possibility of consent to trial before a Magistrate Judge

14.      Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments

15.      Joinder of additional parties, and the likelihood and timing of joinder of additional parties

16.      Expert witnesses (including necessity or waiver of expert depositions)

17.      Damages (computation issues and timing of damages discovery)

18.      Final pretrial order (including possibility of waiver of order)

19.     Possible trial-ready date

20.     Court logistics and mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.)

21.     The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel.

**EXHIBIT B**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

_____,                )
                                                   )
                                                   )
                          Plaintiff(s)             )
                                                   )      No.: _____CV_____
                                                   )      **Joint Electronic Discovery Submission No.**
           -against-                               )      **___  and [Proposed] Order**
                                                   )
_____,                )
                                                   )
                          Defendant(s)             )
                                                   )
_____

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. ___ and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)        Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:**

_____

_____

_____

_____

_____

**(a)**              **Estimated amount of Plaintiff(s)' Claims:**

__ Less than $100,000
__ Between $100,000 and $999,999
__ Between $1,000,000 and $49,999,999
__ More than $50,000,000
__ Equitable Relief
__ Other (if so, specify) _____

**(b)**   **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

__ Less than $100,000
__ Between $100,000 and $999,999
__ Between $1,000,000 and $49,999,999
__ More than $50,000,000
__ Equitable Relief
__ Other (if so, specify) _____

(2)   **Competence.**  Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3)   **Meet and Confer.**  Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference).  Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): _____

(4)   **Unresolved Issues:**  After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention:  __ Preservation;  __ Search and Review; __ Source(s) of Production; __ Form(s) of Production; __ Identification or Logging of Privileged Material; __ Inadvertent Production of Privileged Material; __ Cost Allocation; and/or __ Other (if so, specify) _____.  To the extent specific details are needed about one or more issues in dispute, describe briefly below.

_____

_____

_____

_____

_____

As set forth below, to date, the parties have addressed the following issues:

(5)     **Preservation.**

    (a)     **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to:   retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.**

        Plaintiff(s):

_____

_____

_____

_____

_____

_____

        Defendant(s):

_____

_____

_____

_____

_____

_____

    (b)     **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.**

_____

_____

_____

_____

_____

_____

(c)   **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:**

_____

_____

_____

_____

_____

_____

(6)   **Search and Review**

(a)   **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used.  Some of the approaches that may be considered include:  the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc.  To the extent the parties have reached agreement as to search and review methods, provide details below.**

Plaintiff(s):

_____

_____

_____

_____

_____

_____

Defendant(s):

_____

_____

_____

_____

_____

_____

**(b)     The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

_____

_____

_____

_____

_____

**(7)     Production**

(a)     Source(s) of Electronically Stored Information.  **The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:**

Plaintiff(s):

_____

_____

_____

_____

_____

Defendant(s):

 

 

 

 

**(b)**     Limitations on Production.  **The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties.  To the extent the parties have reached agreements related to any of these factors, describe below:**

Plaintiff(s):

 

 

 

 

Defendant(s):

 

 

 

 

**(c)**     **Form(s) of Production:**

**(1)**     **The parties have reached the following agreements regarding the form(s) of production:**

Plaintiff(s):

_____

_____

_____

_____

_____

_____

Defendant(s):

_____

_____

_____

_____

_____

_____

**(2)**     **Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):**

_____

_____

_____

_____

_____

_____

**(3)**     **The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:**

_____

_____

_____

_____

_____

_____

**(d)**   Privileged Material.

    **(1)**   **Identification.  The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:**

_____

_____

_____

_____

_____

    **(2)**   **Inadvertent Production / Claw-Back Agreements.  Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):**

_____

_____

_____

_____

_____

    **(3)**   **The parties have discussed a 502(d) Order.  Yes __; No __**

**The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.**

(e)      Cost of Production. **The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information.  The factors and components underlying these costs are estimated as follows:**

**(1)      Costs:**

Plaintiff(s):

_____

_____

_____

_____

Defendant(s):

_____

_____

_____

_____

**(2)      Cost Allocation.  The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:**

_____

_____

_____

_____

   **(3)**  **Cost Savings.  The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:**

_____

_____

_____

_____

_____

  **(f)**  **The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:**

_____

_____

_____

_____

**(8)**  **Other Issues:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date.  To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: _____     By: _____

Party: _____     By: _____

Party: _____     By: _____

Party: _____     By: _____

Party: _____     By: _____

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on: _____.

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for _____ .  Additional conferences, or written status reports,  shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand.  An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties.  The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

__  Check this box if the parties believe that there exist a sufficient number of e-discovery issues, or the factors at issue are sufficiently complex, that such issues may be most efficiently adjudicated before a Magistrate Judge.

Additional Instructions or Orders, if any:

_____

_____

_____

_____

_____

Dated: _____, 20___          SO ORDERED:

_____
United Stated District Judge

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
Plaintiff,                                              :

                                  :    **ORDER OF REFERENCE**

               v.                :    **TO A MAGISTRATE**

                                    :    **JUDGE**

Defendant,                                             :

                                    :        **(   )(   )**

-------------------------------------------------------------- x

       **The above entitled action is referred to the designated Magistrate Judge for the following**

**purpose(s):**

☐   **General Pretrial (includes scheduling, discovery, non –dispositive pretrial motions, and settlement)**

☐   **Specific Non-Dispositive Motion/Dispute\***
      **_____**
      **_____**
      **_____**

☐   **If referral is for discovery disputes <u>for a specific period</u> when the District Judge is unavailable, the time period  of the referral:**

☐   **<u>Referral for discovery disputes requiring prompt attention at any time when the District Judge is not immediately available</u> (e.g. on trial or out of town)**

☐   **Settlement\***

☐   **Inquest After Default/Damages Hearing**

☐   **Consent under 28 U.S.C. §636(c) for all purposes (including trial)**

☐   **Consent under 28 U.S.C. §636(c) for limited purpose (e.g., dispositive motion, preliminary injunction) Purpose: _____**

☐   **Habeas Corpus**

☐   **Social Security**

☐   **Dispositive Motion (i.e., motion requiring a Report and Recommendation) Particular Motion: _____ _____**

☐   **All such motions: _____**

**\*Do not check if already referred for general pretrial.**

**Dated _____**

                                         **SO ORDERED:**

                                         _____

                                         **United States District Judge**