UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 )
                                                                 )
SPECIAL SITUATIONS FUND III QP, L.P., *et al.*,                  )   Civil Action No. 1:13-cv-01094 (ER)
                                                                 )
            *Plaintiffs*,                                        )
v.                                                               )
                                                                 )
DELOITTE TOUCHE TOHMATSU CPA, LTD., *et*                         )
*al.*,                                                           )
            *Defendants*.                                        )
                                                                 )
                                                                 )
-----------------------------------------------------------------X

**DEFENDANT DELOITTE TOUCHE TOHMATSU CPA LTD.'S
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Deloitte Touche Tohmatsu CPA Ltd. ("DTTC"), by its attorneys, respectfully submits this Notice of Supplemental Authority.

Plaintiffs filed this lawsuit in February 2013. The Court dismissed Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim. July 21, 2014 Order, Dkt. 42 ("Op."). Plaintiffs moved for leave to amend, attaching a proposed Second Amended Complaint ("SAC"). Dkt. 46-48 (filed Aug. 25, 2014). DTTC opposed Plaintiffs' motion, contending that the proposed SAC had not remedied the deficiencies in the FAC, such that amendment would be futile. Dkt. 53 (filed Oct. 22, 2014) ( "DTTC Mem."). As set forth below, two decisions binding on this Court and relevant to this case have recently issued—and both confirm that Plaintiffs' motion for leave to amend should be denied as futile.

1

I. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, No. 13-435 (U.S. March 24, 2015) (slip op. attached hereto as Ex. A)

On March 24, 2015, the Supreme Court in *Omnicare* addressed the standard for determining when a statement of opinion constitutes an "untrue statement of a material fact" under § 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a).  The Court rejected the Sixth Circuit's holding that a statement of opinion is an "untrue statement of a material fact" if it "is ultimately found incorrect—even if believed at the time made." *Omnicare* slip op. 6.  To the contrary, the Court explained, a statement of opinion is an "untrue statement of a material fact" *only* if the stated opinion is subjectively false because it was not honestly held by the speaker: "[A] *sincere* statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong." *Id.* at 9 (emphasis added).

Plaintiffs' SAC asserts claims against DTTC under § 10(b) of the Exchange Act as implemented through Rule 10b-5 (First Cause of Action) and § 18 of the Exchange Act (Fourth Cause of Action), both of which create liability for an "untrue" or "false" "statement" of "material fact" just as Section 11 does.  17 C.F.R. § 240.10b-5(b); 15 U.S.C. § 78r(a).  With respect to both claims, DTTC argued that dismissal was appropriate because the sole DTTC statements at issue are statements of opinion, yet Plaintiffs failed to allege facts establishing that DTTC did not subjectively hold the opinions it stated.  *See* DTTC Mem. 25-28.  DTTC cited, *inter alia*, *Freidus v. Barclay's Bank PLC*, 734 F.3d 132, 141 (2d Cir. 2013), and *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 112 (2d Cir. 2011), both of which hold—like *Omnicare*—that a statement of opinion is not "untrue" unless it is subjectively false.  *See also* Op. 42-44 (dismissing § 10(b) claim in Plaintiffs' FAC for failure to allege that DTTC's statements of opinion were subjectively false).

*Omnicare* fully supports DTTC's arguments. The Supreme Court now has confirmed, just as DTTC previously argued and the Second Circuit previously held, that a securities fraud claim is properly dismissed if the plaintiff cannot plausibly allege that a challenged statement of opinion was not "honestly held" when the statement was made. *Omnicare*, slip op. 9. Because Plaintiffs here cannot establish that DTTC did not "honestly h[o]ld" the opinions it stated, both their § 10(b) and § 18 claims must be dismissed. DTTC Mem. 25-28.

Nor does *Omnicare*'s discussion of opinion statements that omit material facts, *Omnicare* slip op. 10-19, help Plaintiffs here. The SAC nowhere alleges any omission of material fact that rendered DTTC's audit opinions misleading.[1] And conclusory recitations of the statutory language regarding omissions, *see, e.g.*, SAC ¶ 342, are insufficient. The Court in *Omnicare* explained that, to plead an omission claim, a plaintiff "must identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *Omnicare* slip op. 18. No such "particular" facts appear in the SAC. Instead, the SAC repeatedly alleges facts confirming that DTTC *did* perform an audit before stating its audit opinions—and that Plaintiffs' conclusory assertions that DTTC performed "no audit at all" are flat wrong. *See* DTTC Mem. 8-9, 20-22; *see also* Op. 34 (holding that FAC failed to allege "that DTTC's accounting violations rise to the level of 'no audit at all'").

---

[1] In fact, Plaintiffs' § 18 cause of action is expressly limited to a claim that DTTC "knowingly and/or recklessly *made and/or caused to be made statements* in the Company's annual reports filed with the SEC … which statements were … false or misleading with respect to material facts." SAC ¶ 370 (emphasis added).

3

II. ***In re Advanced Battery Techs., Inc.***, **No. 14-1410-cv (2d Cir. March 25, 2015) ("*ABAT*") (slip op. attached hereto as Ex. B)**

On March 25, the Second Circuit in *ABAT* affirmed the decision of Judge McMahon dismissing § 10(b) claims against auditors of a Chinese company for failure adequately to allege scienter. In its opinion dismissing the FAC, this Court cited Judge McMahon's decision in *ABAT*, and noted that *ABAT* involved "precisely [the] type of allegation" against auditors that Plaintiffs here have leveled against DTTC—namely, that had the auditor performed a better audit, it would have uncovered fraud. Op. 36-37. *ABAT* is also procedurally similar to this case: Judge McMahon dismissed the plaintiffs' complaint for failure to state a claim, then denied plaintiffs' motion for leave to amend because the proposed amended complaint "failed to remedy the deficiencies in the initial complaint," and amendment would have been futile. *ABAT* slip op. 1-2. The Second Circuit now has affirmed Judge McMahon's decision in all respects.

In doing so, the Second Circuit restated the well-known principle that the scienter requirement to plead § 10(b) claims against auditors is a high bar, requiring that plaintiffs allege "conduct [that] 'approximate[s] an actual intent to aid in the fraud being perpetrated by the audited company.'" *ABAT* slip op. 11-12 (quoting *Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000)). The court also reiterated that general allegations that an auditor failed to comply with GAAS do not suffice. *Id.* at 13. And the court emphasized that "conditional allegations of the sort that a defendant would have learned the truth about a company's fraud if it had performed the due diligence it promised are generally insufficient to establish the requisite scienter." *Id.* at 16-17 (internal quotation marks and brackets omitted). The allegations in *ABAT*—like Plaintiffs' allegations here—showed negligence at best, and did not support an inference of recklessness. *Id.* at 15-17. Just as Judge McMahon's decision in *ABAT* supported dismissal of the FAC, Op.

36-37, the Second Circuit's decision affirming Judge McMahon supports denial of Plaintiffs' motion for leave to file the SAC.

## CONCLUSION

For the reasons set forth above, as well as those in DTTC's Memorandum, the SAC fails to state a claim under either § 10(b) or § 18.  Moreover, Plaintiffs have had two opportunities to amend their complaint to meet pleading requirements—following the pre-motion conference, and again after dismissal of the FAC—yet the SAC still falls short.  *See* DTTC Mem. 2-3; Op. 62-63 & n.25.  Plaintiffs' Motion for Leave to File a Second Amended Complaint should therefore be denied, and the claims against DTTC should be dismissed with prejudice.

Dated:  March 30, 2015

Respectfully submitted,

   /s/ *Gary F. Bendinger*

Michael D. Warden, *pro hac vice*
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000
(202) 736-8711 (facsimile)
mwarden@sidley.com

Gary F. Bendinger
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300
(212) 839-5599 (facsimile)
gbendinger@sidley.com

David A. Gordon, *pro hac vice*
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000
(312) 853-7036 (facsimile)
dgordon@sidley.com

*Attorneys for Defendant Deloitte Touche Tohmatsu CPA Ltd.*