# Lowenstein Sandler LLP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2015
```

Sheila A. Sadighi
Partner

1251 Avenue of the Americas
New York, NY 10020
T  973 597 6218
F  973 597 6219
ssadighi@lowenstein.com

April 30, 2015

**VIA ECF**

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court,
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

The application is  ✓  granted
                   ___ denied

_____
Edgardo Ramos, U.S.D.J
Dated: 5/1/2015
New York, New York

Re:   *Special Situations Fund III QP, L.P., et al. v. Deloitte Touche Tohmatsu CPA, Ltd., et al.*
      No. 13-cv-1094

Your Honor,

      We represent Plaintiffs in the above-referenced matter.  On March 31, 2015, this Court issued an Order denying Plaintiffs' motion for leave to amend their complaint and dismissing Defendants Deloitte Touche Tohmatsu CPA, Ltd. ("DTTC") and Deloitte & Touche LLP ("Deloitte US") with prejudice.  In that Order, the Court directed Plaintiffs to file a letter regarding service on the Individual Defendants.  *See* March 31, 2015, Order at 2 n. 3.  We respectfully submit this letter in response.

      As set forth below, to the best of Plaintiffs' knowledge, each of the Individual Defendants resides outside of the United States.  Given the difficulties of achieving service abroad in a manner compliant with local law, as specified in the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), Plaintiffs have directly contacted certain Individual Defendants for whom Plaintiffs have electronic contact information in an attempt to resolve this case as to them.  <u>Plaintiffs intend that, within 30 days, Plaintiffs will be able to voluntarily dismiss all of the Individual Defendants, with prejudice, and accordingly respectfully request that this Court not dismiss the Individual Defendants without prejudice before May 30th.</u>

### Antonio Sena

      Plaintiffs believe that Mr. Sena resides in the People's Republic of China ("PRC" or "China").  The last known address Plaintiffs were able to determine for Mr. Sena is Flat D2-25, Block 28, Xiang Jun Bei Li, Dong San Huan east Road, Chaoyang District, Beijing, China.

**Lowenstein Sandler** LLP

The Honorable Edgardo Ramos                                                                                       April 30, 2015
Page 2

Plaintiffs sought to serve Mr. Sena pursuant to the Hague Service Convention. Pursuant to the Hague Service Convention, Plaintiffs had the complaint translated into Chinese and sought the assistance of the PRC Central Authority in serving Mr. Sena at his last known address. Plaintiffs sought to use procedures under the Hague Service Convention as PRC courts have not enforced foreign judgments on the grounds that service was effected in some manner besides Hague and Plaintiffs desired to keep whatever enforcement options they could available.

Approximately six months after the translated complaint was transmitted, the PRC Central Authority advised Plaintiffs that Mr. Sena was no longer at the given address and thus that service was not completed. To Plaintiffs' knowledge, the PRC does not make addresses publicly searchable and thus Plaintiffs to this point have been unable to locate an additional address for Mr. Sena in the PRC.

Plaintiffs then sought to provide Mr. Sena with a copy of the Amended Complaint during a scheduled visit to the offices of the law firm Fried Frank in Hong Kong, a Special Administrative Region of the PRC ("Hong Kong, SAR"). Mr. Sena ultimately did not appear for that scheduled visit.

Having been unable to successfully serve Mr. Sena pursuant to the Hague Service Convention or to otherwise serve Mr. Sena in Hong Kong, SAR, Plaintiffs have contacted Mr. Sena via email and are currently seeking to resolve this action by agreement as to Mr. Sena. Plaintiffs respectfully request 30 days to resolve this matter as to Mr. Sena.

**Justin Tang**

Plaintiffs believe Mr. Tang resides in the PRC. The last known address Plaintiffs were able to determine for Mr. Tang is 3701 Beijing Fortune Plaza, 7 Dongsanhuan Zhonglu, Chaoyang, Beijing, China.

Plaintiffs sought to serve Mr. Tang pursuant to the Hague Service Convention. Pursuant to the Hague Service Convention, Plaintiffs had the complaint translated into Chinese and sought the assistance of the PRC Central Authority in serving Mr. Tang at his last known address.

Approximately eight months after the translated complaint was transmitted, the PRC Central Authority advised Plaintiffs that Mr. Tang was no longer at the given address and thus service was not completed. Plaintiffs have been unable to determine another physical address for Mr. Tang.

Plaintiffs subsequently sent Mr. Tang a copy of the Amended Complaint via his last known e-mail address.

Having been unable to successfully serve Mr. Tang pursuant to the Hague Service Convention, Plaintiffs have also contacted Mr. Tang via email and are currently seeking to resolve this action by agreement as to Mr. Tang. Plaintiffs respectfully request 30 days to resolve this matter as to Mr. Tang.

**LOWENSTEIN SANDLER LLP**

The Honorable Edgardo Ramos  April 30, 2015
Page 3

### Yin Jian Ping

Plaintiffs believe Mr. Yin resides in the PRC. The last known address Plaintiffs were able to determine for Mr. Yin is 25th/F, Jason Building, 145 Pujian Road, Pudong, Shanghai, China, which Plaintiffs have learned is the address of Shanghai Shuang Wei Industrial Group, Co., a prior employer of Mr. Yin.

Plaintiffs sought to serve Mr. Yin pursuant to the Hague Service Convention. Pursuant to the Hague Service Convention, Plaintiffs had the complaint translated into Chinese and sought the assistance of the PRC Central Authority in serving Mr. Yin at the last known address Plaintiffs had.

Approximately six months after the translated complaint was transmitted, the PRC Central Authority advised Plaintiffs that Mr. Yin was no longer at the given address and thus service was not completed. Plaintiffs respectfully request 30 days to resolve this matter as to Mr. Yin.

### Richard Xue

Plaintiffs believe Mr. Xue resides in the PRC. Plaintiffs do not have a last known address for Mr. Xue. Plaintiffs respectfully request 30 days to resolve this matter as to Mr. Xue.

### Michael Santos

As the Court has noted, Mr. Santos is deceased. Prior to his death, Plaintiffs sought to serve Mr. Santos at a last known address in California, but that service was returned with a letter stating that Mr. Santos did not reside at the California address. Plaintiffs then came to believe that Mr. Santos was in the Republic of the Philippines (the "Philippines"). While seeking service options in the Philippines (as the Philippines is not a party to the Hague Service Convention), Plaintiffs came to learn of Mr. Santos's death.

Because Plaintiffs' Second Amended Complaint named the Estate of Michael Santos (the "Estate") Plaintiffs intended to serve that complaint upon the Estate once it was filed, but the Court subsequently denied Plaintiffs' leave to file the Second Amended Complaint. Plaintiffs respectfully request 30 days to resolve this matter as to the Estate.

We thank the Court in advance for its consideration.

Respectfully submitted,

/s/ Sheila A. Sadighi
   Sheila A. Sadighi
   *admitted pro hac vice*

cc:   Counsel of record (via ECF)